65 MC KINLEY AVENUE, INC., FORMERLY A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CITY OF EAST ORANGE, A MUNICIPAL CORPORATION, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued March 19, 1968 and April 22, 1968—Decided July 10, 1968.

Mr. *Murray D. Brochin* argued the cause for appellant (*Mr. John R. MacKay, 2d,* on the brief; *Messrs. Lowenstein and Spicer,* attorneys).

*Mr. David A. Biederman*, Deputy Attorney General, argued the cause for respondent State Highway Department (*Mr. Arthur J. Sills*, Attorney General of New Jersey, attorney).

*Mr. Norman E. Scull* argued the cause for respondent City of East Orange (*Mr. Jack Okin*, attorney).

*Mr. Adrian M. Foley, Jr.*, argued the cause for respondent New Jersey Highway Authority (*Mrs. Sonia Napolitano*, on the brief; *Messrs. Pindar, McElroy, Connell and Foley*, attorneys).

The opinion of the court was delivered

PER CURIAM. Plaintiff sued the defendant municipality to recover taxes it paid on real property for the period April 1, 1965 through December 8, 1965. Alternatively, plaintiff sought recovery from the State. On motion, the trial court entered judgment for defendants. We certified plaintiff's appeal before argument in the Appellate Division.

The State, by the State Highway Commissioner, had instituted condemnation proceedings against plaintiff's property in connection with the construction of Route 280. The State took possession on April 1, 1965. On September 22, 1965, prior to any hearing before the condemnation commissioners, the parties entered into a written agreement for the sale of the property, by the terms of which plaintiff agreed to "pay all taxes to the date of delivery of deed." The deed was delivered on December 8, 1965.

The parties each held a different view with respect to the extent of the tax liability of the property. Plaintiff conceived that the property became exempt from local taxation as of April 1, the date the State took possession, and on that basis contended the taxes for the year 1965 abated *pro rata* as of that date. The State Highway Commissioner believed the State's exemption took effect upon the delivery of the deed and that the City was entitled to taxes apportioned as of

that date. Hence the contract of sale was drawn on that premise. The City claimed taxes for the entire calendar year on the thesis that the State's mid-year acquisition could not affect the taxable status of the property for that year.

The State insisting upon compliance with the contract, plaintiff paid the City under written protest, and the City gave a written receipt for payment through December 8, expressly reserving its claim for taxes for the remainder of the year.

I

As to its suit against the City, plaintiff's theory must be that (1) the City was unjustly enriched because it was not entitled to taxes for the period beginning April 1, the date on which the State took possession, and (2) plaintiff's payment was not voluntary because it had to close title before the end of the calendar year by reason of certain tax consequences under the federal income tax laws. We need not discuss the second proposition since we are satisfied the City was not unjustly enriched, and hence judgment was correctly entered in its favor.

As we have said, the City insisted it was entitled to be paid for the entire calendar year 1965. Its thesis was later upheld in a suit between the City and the State involving taxes on other real property. *City of East Orange v. Palmer,* 47 *N. J.* 307 (1966). Hence, to prevail plaintiff must maintain these propositions: (a) that prior to *City of East Orange v. Palmer* the law was as plaintiff contends (*i. e.,* that taxes abated as of the transfer of possession) rather than as the State had believed it to be (*i. e.,* that taxes abated as of the date of delivery of the deed) ; and (b) that the holding in *City of East Orange v. Palmer* should not be made retroactive to the tax year 1965.

No case expressly held, as to an acquisition by the State itself, that taxes on real property would abate *pro rata* as of the day the State took possession. In such circumstances, it is difficult, if not impossible, to say the State was

plainly wrong in its view that the delivery of the deed was the critical event. We know only that the City later prevailed upon an even more expansive view of its entitlement. And although we have this day held that *City of East Orange v. Palmer* will not be applied to acquisitions which antedated our decision in that case, *Goldberg v. Traver,* 52 *N. J.* 344, it hardly follows that a City was "unjustly enriched" when it received payment in accordance with what was ultimately found to be the correct principle, and upon which it might well have prevailed had plaintiff litigated the issue instead of making payment. On the contrary, the City received what in justice it should have received, and it is denied that result in other situations only because of considerations, discussed in *Goldberg v. Traver, supra,* which are irrelevant when payment was actually made. Indeed to permit recovery here would invite suits against municipalities in all the cases in which the State heretofore required taxes to be paid to the date of delivery of the deed, and thus to bring about the same kind of fiscal disturbance in public matters which led us in *Goldberg v. Traver* to deny retroactive effect to *City of East Orange v. Palmer.*

For these reasons the judgment in favor of the City was correct.

## II

As to the suit against the State, the trial court found the State's immunity barred the action against it. We think the judgment may be placed on the merits. In essence, plaintiff says that as between any buyer and seller, taxes should be apportioned as of the date of transfer of possession. Absent other considerations, that would ordinarily be the fair answer, but the parties may always agree otherwise, and that is what the parties here did. The contract expressly required plaintiff to pay taxes to the date of the delivery of the deed. The complaint leveled no attack upon the contract, and in the additional papers submitted to us, no facts appear which could sustain an action to rescind or reform the agree-

ment. We note in this regard that a consent order entered on March 6, 1966 dismissing the condemnation action recited the contract fixing the amount of compensation and that payment was made, "thus settling all matters outstanding between the parties."

 Although we think the claim against the State was justiciable even though no order might emerge to compel payment of a judgment, we see no basis for a recovery in the record below or before us, and hence no reason to disturb the judgment.

The judgments are affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and SCHETTINO—5.

*For reversal*—None.